

# The Attorney General of Texas

March 29, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

._0 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Frank Tejeda
Chairman
Committee on Judicial Affairs
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-22

Re:  Whether a judge of a court of record receiving a full-time salary can receive a fee for performing a marriage during working hours in a publicly owned building

Dear Representative Tejeda:

You ask the following question:

> Can an elected or appointed judge in a court of record, receiving a full time salary, receive both a state salary _and_ a fee or donation for performing a marriage ceremony during the hours of 8 a.m. to 5 p.m. in a publicly owned or supported building?

Judges of courts of record are among those persons authorized to conduct marriage ceremonies by article 1.83 of the Family Code. A judge is not, however, required to exercise that authority, so long as a refusal to marry particular persons is not based upon constitutionally prohibited grounds. Attorney General Opinion JM-1 (1983). In Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946), the supreme court declared:

> The general principle prohibiting public officials from charging fees for the performance of their official duties does not prohibit them from charging for their services for acts which they are under no obligation under the law, to perform.

Id., at 560. See also, Attorney General Opinion MW-456 (1982). Thus, a judge of a court of record is empowered to charge a fee for conducting a marriage ceremony.

Your question apparently assumes that judges are required to observe certain working hours. Although the legislature has prescribed working hours for state employees, see article 5165a, V.T.C.S., and has empowered certain commissioners courts to do so for county employees, see article 3912e-4a, V.T.C.S., public officers are

not so constrained.  The compensation attaching to a public office is incident to the title to the office and not to the performance of any particular duties.  Uhr v. Brown, 191 S.W. 379, 383 (Tex. Civ. App. - San Antonio 1916, no writ); Presidio County v. Walker, 69 S.W. 97, 99 (Tex. Civ. App. 1902, writ ref'd).  Of course, a judge may be removed from office, by impeachment, address, or otherwise, for neglect of duty.  See articles 5961-5966, 5970, V.T.C.S.  Since a judge of a court of record, as a public officer, is not required to observe an 8 to 5 work day, it follows that he is entitled to receive his salary even if he performs marriage ceremonies between the hours of 8 a.m. and 5 p.m., and collects a fee therefor.

You also ask:

> Can a state employee receive two state checks from two different sources for duties performed during the same working hours?
>
> Can a state employee receive a state check and an income from private sources for duties performed during the same working hours?

A public employee is not prohibited per se from simultaneously holding two different state employments, or from simultaneously holding both state and private employments.  Attorney General Opinion MW-415 (1981).  Any two employments may be incompatible, or may create a conflict of interest, but incompatibility is ordinarily a fact question.  Of course, a state employee may be terminated for neglect of duty.  You have not presented to us any particular fact situation, therefore, we must answer that a state employee is not necessarily prohibited from receiving two checks, from whatever source, for work performed during the same hours.

## S U M M A R Y

> A judge of a court of record is not prohibited from receiving his salary by virtue of the fact that he performs marriage ceremonies between the hours of 8 a.m. and 5 p.m. and receives a fee therefor.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Nancy Sutton